REGAN, Judge.
Plaintiff, John M. Bacon, conducting his business under the trade name of Bacon Lumber Company, instituted this suit against defendant, W. J. Gautreau, endeavoring to recover the sum of $569.55, less a credit of $221.05 or a balance of $348.50 for lumber sold and delivered to him on February 2nd, 1949.
Defendant answered and denied that he was indebted unto plaintiff in any sum whatsoever.
From a judgment in favor of plaintiff, defendant prosecutes this appeal.
The record reveals that defendant is engaged in the contracting business “building houses on his own” and was also president and owner of approximately 90% of the stock of the Acme Manufacturing Company, Inc., a lumber processing mill. For several months prior to February 2nd, 1949, the Acme Manufacturing Company, Inc., had become indebted unto plaintiff in an amount exceeding $1000.00, and was also involved in financial difficulties with other firms which had extended credit to this corporation. Plaintiff, having taken cognizance of this fact, informed defendant that he could no longer extend unsecured credit to Acme Manufacturing Company, Inc., and, it is significant to observe, that plaintiff’s caution in refusing to extend further credit to the Acme Manufacturing Company was ultimately justified, for less than five months later or in June, 1949,. the Acme Manufacturing Company, Inc., was placed in liquidation.
The record is embellished with disputations ad infinitum surrounding the details of the sale of the lumber which occurred on February 2nd, 1949, but the substance thereof reflects that the defendant had informed Edward Bacon, plaintiff’s sales manager, that he was constructing a residence which was being financed through the Fidelity Homestead Association, and that he required oak flooring and cypress to complete the erection thereof. Defendant has insisted that he ordered only the oak flooring from the plaintiff amounting to the sum of $221.05, and that the balance of the lumber was ordered by Mr. David, an employee of the Acme Manufacturing Company, Inc. In any event, the defendant was informed by either plaintiff or a representative that the only manner in which a credit delivery could be obtained by Acme Manufacturing Company was in the name of both defendant and the Acme Manufacturing Company. *702 Pursuant to this understanding, delivery was consummated on February 2nd, 1949, as evidenced by a dray receipt covering both the flooring and rough cypress in the amount of $569.55, written in the names of Acme Manufacturing Company, Inc., and the defendant W. J. Gautreau. In conformity with defendant’s instructions delivery of the lumber was accepted in plaintiffs yards by Earl Abel, an employee of Acme Manufacturing Company and loaded upon a truck owned by the corporation. On February 3rd, 1949, an invoice was mailed by plaintiff to defendant covering both the cypress and oak flooring. Subsequently, at defendant’s suggestion and upon his representation that he could secure payment for the oak flooring by the Fidelity Homestead Association, a separate invoice in the amount of $221.05 was issued by defendant to him. On February 15th, 1949, the homestead paid this invoice but did not ■pay the balance of the bill for the cypress •amounting to $348.50, apparently because it was not used in connection with the construction of the residence being financed through the homestead.
The record further reflects that no invoices were ever mailed by plaintiff to the Acme Manufacturing Company, Inc. for either the oak flooring or the rough cypress and, as related hereinabove, the dray receipt was written in both the name of defendant and the Acme Manufacturing Company, Inc. and.all subsequent invoices and statements were written in the name of defendant individually.
Plaintiff contends that the sale of the lumber which occurred on February 2nd, 1949, was made to the defendant herein, W. J. Gautreau. Defendant, in opposition thereto, maintains that he ordered the oak flooring individually, which he agreed to pay for in the amount of $221.05, but that the cypress or the balance of the bill in the amount of $348.50 was ordered, delivered to, and used by the Acme Manufacturing Company, Inc. and he never had assumed the obligation of paying for this item individually.
The only question posed for our consideration is one of fact, and that is, whether the plaintiff sold the rough cypress amounting to the sum of $348.50 to the defendant, W. J. Gautreau, or to the Acme Manufacturing Company, Inc.
The trial court resolved the answer to this question in favor of the plaintiff by stating that “the evidence further reveals, and leaves no doubt in the mind of the court, that the said material was purchased for the account of the said W. J. Gautreau, defendant herein, and not the Acme Manufacturing Company, Inc.” and our diligent examination of the record fails to disclose any error in its conclusion.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.